**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL A. SCOTT,
<u>Plaintiff-Appellant,</u>

v.

NORFOLK SOUTHERN CORPORATION; D. R. GOODE, individually and in his official capacity with Norfolk Southern Corporation; S. C. TOBIAS, individually and in his official capacity with Norfolk Southern Corporation; J. L. MANETTA, individually and in his official capacity with Norfolk Southern Corporation; D. W. MAYBERRY, individually and in his official capacity with Norfolk Southern Corporation; W. E. HONEYCUTT, individually and in

his official capacity with Norfolk Southern Corporation; L. D. HALE, individually and in his official capacity with Norfolk Southern Corporation; T. A. HEILIG, individually and in his official capacity with Norfolk Southern Corporation; C. D. VITTUR, individually and in his official capacity with Norfolk Southern Corporation; D. D. GRAAB, individually and in his official capacity with Norfolk Southern Corporation; A. L. LUTTRELL, individually and in his official capacity with Norfolk Southern corporation; J. R. GRAY, individually and in his official capacity with Norfolk Southern

No. 97-1490

Corporation; W. F. HENLEY, individually and in his official capacity with Norfolk Southern Corporation; J. E. PAIR, individually and in his official capacity with Norfolk Southern Corporation; J. W. CLEMMER, individually and in his official capacity with Norfolk Southern Corporation, <u>Defendants-Appellees.</u>

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CA-96-257-2)

Submitted: June 2, 1998

Decided: June 24, 1998

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Michael A. Scott, Appellant Pro Se. James Stanton Whitehead, SIDLEY & AUSTIN, Chicago, Illinois; Samuel Johnson Webster, Heather Ann Mullen, David Nash Payne, WILLIAMS, KELLY & GREER, Norfolk, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael A. Scott appeals from several district court orders dismissing a variety of claims involved in Scott's employment discrimination action. We affirm in part, vacate in part, and remand.

Scott was employed by the Defendant, Norfolk Southern Corporation ("Norfolk Southern") from August 1985 to February 1996. In 1995, Scott filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") alleging same-gender sexual harassment and a sexually hostile environment. Following his termination, Scott filed another discrimination complaint with the EEOC alleging racial discrimination and retaliation for the filing of his 1995 EEOC complaint.

Following the 1996 EEOC charge, Scott filed this complaint against Norfolk Southern and fourteen individual executives, managers and supervisors of Norfolk Southern, setting out twenty-four counts based on Title VII and an on-the-job injury. Scott amended his complaint three times, and the district court entered an order accepting Scott's third amended complaint, which set forth thirty-two counts, as the operative complaint.* Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On August 14, 1996, the district court entered an order dismissing all claims against the individual Defendants, dismissing counts 2-21, 23, 24, 31, and 32 against Norfolk Southern, and granting Scott leave to amend counts 1, 22, 25, 26, 27, 28, 29, and 30 against Norfolk Southern. Pursuant to the court's August 14 order, Scott again amended his complaint against Norfolk Southern setting forth eight counts.

_____

*On May 3, 1996, Scott filed a motion to amend his complaint for the fourth time. The district court denied the motion on June 7, 1996.

3

On February 5, 1997, the district court granted summary judgment to Norfolk Southern on counts 5, 6, 7, and 8, and denied Norfolk Southern's motion to dismiss on count 4--leaving counts 1, 2, 3, and 4. On April 1, 1997, the court entered an order dismissing part of Scott's count one. A jury trial commenced on February 18, 1996, and final judgment was entered April 4, 1996. The jury verdict dismissed counts 1, 2, and 4, and found in favor of Scott on count 3. Scott was awarded $4998 with interest at the rate of 6%. Scott timely appealed.

On appeal, Scott raises several issues concerning each of the district court's orders. The first issue raised is that the district court erred in its April 1, 1997 order by dismissing his Title VII claim of retaliation. Scott alleged that he was transferred in February 1996 as a result of his 1995 EEOC charge, in which he asserted same-gender sexual harassment and a sexually hostile environment. In dismissing Scott's Title VII retaliation claim, the district court relied on McWilliams v. Fairfax County Bd. of Supervisors, 72 F.3d 1191 (4th Cir. 1996), and Mayo v. Kiwest Corp., No. 95-2638, 1996 WL 460769 (4th Cir. Aug. 15, 1996) (unpublished). In McWilliams, this Court held that same-gender sexual harassment was not actionable under Title VII absent an allegation that either the victim or the harassers were homosexual or bisexual. See McWilliams, 72 F.3d at 1195.

In Mayo, this Court held that "Title VII prohibits an employer from discriminating against an employee in retaliation for that employee's . . . complaint about [ ] an employment practice made unlawful under Title VII." Mayo, 1996 WL 460769 at **4. The Court stated that the employee needed an "objectively reasonable belief that he was the victim of discrimination made unlawful under Title VII." Id. Looking at the state of the law at the time of Mayo's complaint, this Court found that "no court had held a hostile-environment claim actionable where both the alleged harasser and the alleged victim were of the same sex, no claim was made that either the alleged harasser or the alleged victim was homosexual or bisexual, and no claim was made that the alleged harasser treated men in the workplace differently than women." Id. at **5. Given the state of the case law, the Court determined that Mayo was not reasonable in believing that his claim was actionable under Title VII and thus, there was no protected activity on which to base a retaliation claim. Id.

4

However, the Supreme Court has recently issued its decision in Oncale v. Sundowner Offshore Servs., Inc., 118 S. Ct. 998 (1998), in which the Court held that sex discrimination consisting of same-sex sexual harassment is actionable under Title VII and that it is not necessary that the harasser be shown to be homosexual or bisexual. See Oncale, 118 S. Ct. at 1002. The Court stated that "harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex." Because Oncale overrules previous precedent in this Circuit, we vacate that portion of the district court's April 1, 1997 order dismissing Scott's Title VII retaliation claim and remand for further proceedings in light of Oncale. We affirm the remainder of the district court's April 1 order.

As for Scott's remaining claims on appeal, we have reviewed the district court's orders and find no reversible error. Accordingly, we affirm the remainder of the district court's orders to the extent that Scott has appealed them. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

5